FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 NOV -4 A 9 43
CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

CHRISTIAN SIGALA, *et al.*,

Plaintiffs,

v.

Case No.: GJH-15-1779

ABR OF VA, INC., *et al.*,

Defendants.

## MEMORANDUM OPINION

In this case, Plaintiffs, Christian Sigala, Juan Jose Flores, and Gabriel Wong (collectively, "Plaintiffs"), each on behalf of themselves and others similarly situated, bring a purported collective action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-491 *et seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* Defendants, ABR of VA, Inc. ("ABR"), William Antonio Chavez, and Erica Alvarez (collectively, "Defendants"), have moved to dismiss the Complaint for lack of personal jurisdiction. ECF Nos. 6 & 10. The Court has reviewed the record and deems a hearing unnecessary. *See* Local Rule 105.6 (D.Md.). For the reasons that follow, the Court will deny Defendants' Motions.

### I. BACKGROUND

ABR is a Virginia corporation with its principal place of business in Virginia, and whose principal business is the restoration of water damaged buildings in Maryland, Virginia, and West Virginia. ECF No. 1 at ¶ 4. Chavez and Alvarez are both residents of Fairfax County, Virginia

and, throughout the Plaintiffs' tenures of employment, were owners, agents, and / or principals of ABR. *Id.* at ¶¶ 37–38. Chavez and Alvarez were both responsible for the approval of ABR's payroll practices. *Id.*

Plaintiffs, and all similarly situated employees they seek to represent, are current and former employees of ABR who were employed during the period of June 17, 2012 through June 17, 2015. *Id.* at ¶ 9. Each named Plaintiff, and all potential opt-in plaintiffs, worked for Defendants for some period of time in the state of Maryland as laborers restoring water-damaged buildings. *Id.* at ¶¶ 11, 17.

Plaintiffs filed the present action on June 17, 2015, *see* ECF No. 1, and summonses were returned executed for Chavez and Alvarez on June 22, 2015, ECF Nos. 4 & 5, and for ABR on June 23, 2015, ECF No. 3. Alvarez, acting pro se, filed a Motion to Dismiss for lack of personal jurisdiction on July 23, 2015, purportedly on behalf of all Defendants. ECF No. 6. Defendants then filed a second motion on September 15, 2015, this time represented by counsel, also arguing that the court lacked personal jurisdiction over all Defendants.[1] ECF No. 10. Defendants contend that Chavez and Alvarez have "no contacts with Maryland," and rather that they are domiciled and work in Virginia. ECF No. 6 at ¶ 23; ECF No. 10 at ¶ 23. Defendants also contend that ABR "does not conduct activities in Maryland," that it "does not have agents that conduct activities in Maryland," and that "on information and belief, [ABR] never accepted a [Maryland] contract." ECF No. 10 at ¶¶ 27–28 & 34; *see also* ECF No. 6 at ¶¶ 28–29. Plaintiffs, in response, appended affidavits of each named Plaintiff to their memoranda in opposition to Defendants' Motions to

---

[1] In their second motion, Defendants request, in the alternative to dismissal, that the Court transfer this case to the United States District Court for the Eastern District of Virginia. ECF No. 10 at 8. The Court will deny this request because Plaintiffs claims arise out of their work in Maryland. *See* 28 U.S.C. § 1391(b)(2) (venue is proper in "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred"). Moreover, Defendants have made no argument to justify transferring the case. *See MacMunn v. Eli Lilly Co.*, 559 F. Supp. 2d 58, 60 (D.D.C. 2008) ("Under [28 U.S.C. § 1404], the moving party bears the burden of establishing that transfer is proper.").

2

Dismiss, in which they averred that they each worked on job sites for Defendants in various locations in Maryland and that Defendants Chavez and Alvarez occasionally came with them to job sites in Maryland. *See* ECF Nos. 7-1, 7-2, 7-3, 12-1, 12-2 & 12-3. Plaintiffs also included screenshots from ABR's website, which advertises that ABR conducts restoration services in "Virginia, [Washington,] DC, [and] Maryland." *See* ECF Nos. 7-4, 7-5, 12-4 & 12-5.

## II.     STANDARD OF REVIEW

A motion to dismiss for lack of personal jurisdiction arises under Fed. R. Civ. P. 12(b)(2). "When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989) (citation omitted). Discovery and an evidentiary hearing are not required to resolve a motion under Rule 12(b)(2). *See generally* 5B Wright & Miller, Federal Practice & Procedure § 1351, at 274–313 (3d ed. 2004, 2012 Supp.). The Court may address personal jurisdiction as a preliminary matter, ruling solely on the motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009); *see also In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). In such a circumstance, the plaintiff need only make "a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Engineers Corp.*, 561 F.3d at 276. "In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs. Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993)).

3

## III. DISCUSSION

At the outset, the Court notes that both Motions were untimely and were unaccompanied by motions for leave file out of time. *See* Fed. R. Civ. P. 12(a)–(b) (motion to dismiss under Rule 12(b)(2) must be raised within 21 days after being served with the summons and complaint). Although Defendants' slight delay in filing their first Motion to Dismiss may be excusable, that Motion was signed only by Alvarez, acting pro se. *See* ECF No. 6 at 8. Although the Motion purports to be filed on behalf of all Defendants, Alvarez cannot represent Chavez or ABR; she may only represent herself. *See* Local Rule 101.1(a) (D. Md.) ("Individuals who are parties in civil cases may only represent themselves. . . . All parties other than individuals must be represented by counsel."); *see also* Local Rule 102.1(a)(2) (D. Md.) ("When a party is appearing without counsel, the Clerk will accept for filing only documents signed by that party."). Defendants have offered no excuse for their two-month delay in filing the second Motion to Dismiss. *See Buckles v. Focus on Innovation, Inc.*, No. 6:13-CV-1198-ORL-36, 2013 WL 5305683, at *2 (M.D. Fla. Sept. 20, 2013) ("A Rule 12(b) motion by one defendant does not relieve all other defendants of their duty to answer or otherwise defend."). While the Court could deny the Motions on that basis, even on the merits, Defendants' Motions must be denied.

Personal jurisdiction over a nonresident defendant is proper when "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir.1993); *see also* Fed. R. Civ. P. 4(k)(1)(A). "In applying Maryland's long-arm statute, federal courts often state that '[the] statutory inquiry merges with [the] constitutional inquiry.'" *Dring v. Sullivan*, 423 F.Supp.2d 540, 544 (D.Md.2006) (citing *Carefirst of Md.*, 334 F.3d at 396–97; *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135 (4th Cir.1996) (additional citations omitted)).

4

However, personal jurisdiction under Maryland's long-arm statute is always required. *Mackey v. Compass Mktg. Inc.*, 892 A.2d 479, 493 n. 6 (Md. 2006) (stating that it is not permissible to simply dispense with analysis under the long-arm statute). Indeed, there may be cases where personal jurisdiction is proper under constitutional due process but not under Maryland's long-arm statute. See *Dring*, 423 F.Supp.2d at 545 ("Perhaps fact situations will arise which will be deemed outside the scope of the Maryland 'long arm' statute, although there may be a constitutional basis for jurisdiction over the nonresident defendant." (citation omitted)). Thus, this Court first looks at Maryland's long-arm statute.

### A. Maryland's Long-Arm Statute

A plaintiff must specifically identify the Maryland statutory provision that authorizes jurisdiction, either in the complaint or in opposition to a Rule 12(b)(2) motion. *See Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp. 2d 649, 652 (D. Md. 2001). In their opposition to Defendants' Motion, Plaintiffs argue that personal jurisdiction is proper under Md. Code, Courts & Jud. Procs. Article ("CJP") § 6-103(b)(1) (court may exercise personal jurisdiction over a person who "[t]ransacts any business or performs any character of work or service in the State"), § 6-103(b)(2) (court may exercise personal jurisdiction over a person who "[c]ontracts to supply goods, food, services, or manufactured products in the State"), and / or § 6-103(b)(4) (court may exercise personal jurisdiction over a person who "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State"). *See* ECF No. 12 at 12.

Construing all of the facts in the light most favorable to Plaintiffs, as the court must, *Carefirst of Md.*, 334 F.3d at 396, the Court concludes that it is proper to exercise personal jurisdiction over each Defendant in this case under CJP § 6-103(b)(1) because Plaintiffs' claims arise out of Defendants' contacts with Maryland, namely, their actions "[t]ransact[ing] . . . business [and] perform[ing] . . . service[s] in the State." Notably, § 6-103(b)(1) allows a court to exercise jurisdiction over a defendant "who directly *or by an agent*" engages in conduct that "culminate[s] in purposeful activity within the state." *Aphena Pharma Solutions-Md. LLC v. BioZone Labs., Inc.*, 912 F. Supp. 2d 309, 315–16 (D. Md. 2012); *see also Mackey*, 892 A.2d at 483–84 ("It is long-established that personal jurisdiction may be exercised over a nonresident defendant on the basis of the actions of the nonresident defendant's agent."); *Hausfeld v. Love Funding Corp.*, 16 F. Supp. 3d 591, 599 (D. Md. 2014) ("Section (b)(1) [of Maryland's long-arm statute] . . . does not require the defendant to have been physically present in Maryland in order to have 'transacted business' within the meaning of the statute."). Plaintiffs allege in their Complaint that Defendants caused them injury by failing to properly compensate them for overtime hours that Plaintiffs worked on jobsites in Maryland, and by failing to pay the minimum wage for some regular hours worked in Maryland. *See* ECF No. 1 at ¶ 11; ECF No. 12 at 12. The reasonable inference to be drawn from Plaintiffs' allegations, as well as the affidavits accompanying their responses in opposition to Defendants' Motions to Dismiss, is that Defendants regularly conduct business and perform restoration services in Maryland. In other words, Defendants engaged in conduct that "culminated in purposeful activity within the state" when they sent their employees to perform such services in Maryland.[2]

---

[2] This conclusion applies with equal force to the corporate defendant, ABR, and the individual defendants, Chavez and Alvarez. Although, "[a]s a general rule, courts cannot exert jurisdiction over individual corporate officers or employees just because the court has jurisdiction over the corporation," *Azamar v. Stern*, 662 F. Supp. 2d 166, 174 (D.D.C. 2009) (internal quotation marks omitted), jurisdiction is proper where a plaintiff can establish that

## B. Constitutional Due Process

The inquiry does not end with the long-arm statute, however, as the Court must also consider whether the exercise of jurisdiction over Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that the Court consider whether Defendants established "minimum contacts" with Maryland such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945) (citation omitted). Put differently, the court must consider whether Defendants' contacts with Maryland are substantial enough that it "should reasonably anticipate being haled into court [ ]here." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559 (1980). The United States Court of Appeals for the Fourth Circuit has distilled these somewhat abstract concepts into three basic prongs: "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).

Each of these prongs is satisfied in this case. First, Defendants "purposefully availed" themselves of the privilege of conducting activities in Maryland by, *inter alia*, directing employees to perform restoration services in Maryland, traveling with Plaintiffs to job sites in

---

individual defendants are "more than employees of the corporation." *Id.* at 175. Plaintiffs allege that both Chavez and Alvarez acted as "owner, agent, and / or principal of ABR" and that both Chavez and Alvarez "in whole or in part, designed, implemented, and / or approved the payroll practices which . . . resulted in the Defendants' failure to pay Plaintiffs at the required overtime rate of pay . . . ." ECF No. 1 at ¶¶ 37–38; *see also Azamar*, 662 F. Supp. 2d at 175 (exercising personal jurisdiction over individual defendant in FLSA case where plaintiffs alleged that defendant was president and owner of corporation, and that defendant was plaintiffs' supervisor and determined plaintiffs' rate and method of pay).

Maryland, and soliciting business in Maryland.³ *See* ECF Nos. 7-1, 7-2, 7-3, 7-4, 7-5, 12-1, 12-2, 12-3, 12-4 & 12-5. Second, Plaintiffs' claims arise out of Defendants' contacts with Maryland because, as previously discussed, Defendants caused Plaintiffs injury by failing to pay appropriate wages for hours that Plaintiffs worked on jobsites in Maryland. And third, the exercise of jurisdiction by this Court is "constitutionally reasonable." Notably, Defendants have not argued that litigating in this forum would be particularly burdensome, nor have they refuted that Plaintiffs have a significant interest in obtaining convenient and effective relief in Maryland and that courts in Maryland have a significant interest in adjudicating disputes respecting wage violations occurring in Maryland.⁴

## IV. CONCLUSION

For the reasons explained above, Defendants' Motions to Dismiss for lack of personal jurisdiction, ECF Nos. 6 & 10, are **DENIED**. Defendants' request to transfer the case to the United States District Court for the Eastern District of Virginia, ECF No. 10 at 8, is also **DENIED**. A separate order will follow.

Dated: November 9, 2015

GEORGE J. HAZEL
United States District Judge

---

³ *See Consulting Engineers Corp.*, 561 F.3d at 278 (articulating list of non-exclusive factors to consider in determining whether defendant engaged in purposeful availment, including: "[W]hether the defendant maintains offices or agents in the forum state; whether the defendant owns property in the forum state; whether the defendant reached into the forum state to solicit or initiate business; whether the defendant deliberately engaged in significant or long-term business activities in the forum state; whether the parties contractually agreed that the law of the forum state would govern disputes; whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; the nature, quality and extent of the parties' communications about the business being transacted; [and] whether the performance of the contractual duties was to occur within the forum." (citations omitted)).

⁴ *Consulting Engineers Corp.*, 561 F.3d at 279 (factors to consider in determining whether exercise of personal jurisdiction is constitutionally reasonable include: "(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies.").